UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE WASHINGTON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-632** |
| **RANDY SMITH, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by plaintiffs Bruce Washington and Gregory Lane (collectively, "plaintiffs") for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). Defendant Alexander Thomas[2] ("Thomas") opposes the motion.[3] For the reasons below, the Court denies the motion.

## I. BACKGROUND

Plaintiffs filed this lawsuit alleging various constitutional violations arising from a traffic stop.[4] This Court granted defendants' motion for judgment on the pleadings as to the majority of plaintiffs' claims.[5] The Court denied defendants' motion as to Bruce Washington's claim of unlawful search by Thomas.[6] Plaintiffs then sought leave to amend their complaint to name certain previously unidentified defendants ("Doe defendants") against whom plaintiffs had alleged First Amendment

---

[1] R. Doc. No. 138.
[2] As discussed *infra*, plaintiffs' complaint originally named multiple defendants, but Thomas is the only named defendant against whom claims remain pending.
[3] R. Doc. No. 144.
[4] *See generally* R. Doc. No. 29 (second amended complaint).
[5] R. Doc. No. 61.
[6] *Id.*

violations.[7] The Court denied that motion, finding that the claims against the Doe defendants were prescribed.[8]

The Court subsequently denied Thomas' motion for summary judgment on the basis of qualified immunity,[9] and Thomas has filed a notice of interlocutory appeal.[10] Plaintiffs now request that this Court enter judgment, pursuant to Federal Rule of Civil Procedure 54(b), as to the order denying leave to amend the complaint. Plaintiffs explain that the purpose of the instant motion is to allow simultaneous appeal of the denial of summary judgment and denial of leave to amend the complaint.[11] Plaintiffs requested expedited hearing on the instant motion, which this Court granted.[12]

## II.   STANDARD OF LAW

Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) allows a district court to certify an otherwise interlocutory order for immediate appeal after making two findings: first, that the relevant is a final judgment as to one or more claims or parties, and, second, that there is no just reason for delay. *See*

---

[7] R. Doc. No. 69. Because those defendants were not identified at the time of the motion for judgment on the pleadings, no motion was made as to the claims against them.
[8] R. Doc. No. 122.
[9] R. Doc. No. 126.
[10] R. Doc. No. 129.
[11] R. Doc. No. 138.
[12] R. Doc. No. 139. The Court notes that this is the fourth motion for which plaintiffs have requested expedited hearing. R. Doc. Nos. 95, 65, 45.

*Walker v. Progressive Cnty. Mut. Ins. Co.*, 304 F.R.D. 486, 490 (E.D. La. 2015) (Brown, J.).

"Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid 'hardship or injustice through delay,' and 'should not be entered routinely as a courtesy to counsel.'" *Krutz v. Huntington Ingalls Inc.*, No. 20-1722, 2021 WL 5893980, at *1 (E.D. La. June 30, 2021) (Vance, J.) (quoting *PYCA Indus. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

"One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus.*, 81 F.3d at 1421. When considering a motion for entry of judgment pursuant to 54(b), "[i]t is the district court's duty to weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Morales v. Anco Insulations Inc.*, No. 20-996, 2022 WL 2867094, at *1 (E.D. La. July 21, 2022) (Vance, J.) (quotations and citation omitted). "In determining the risk of piecemeal appeals, a relevant factor is whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quotations and citations omitted).

Courts in the Fifth Circuit consider the following factors in determining whether Rule 54(b) judgment is appropriate:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5)

3

> miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Jeanty v. TXFM, Inc.*, No. 19-00366, 2021 WL 4143924, at *2 (E.D. Tex. Aug. 6, 2021).

### III.  ANALYSIS

"[D]enial of leave to amend pleadings is ordinarily not final for purposes of appeal." *Bertrand v. Target Corp. of Minn.*, 399 F. App'x 857, 858 (5th Cir. 2010) (per curiam) (unpublished) (quotations and citation omitted). However, the Fifth Circuit has held that such a denial may be considered final where the statute of limitations has expired. *Lockett v. Gen. Fin. Loan Co. of Downtown*, 623 F.2d 1128, 1129–30 (5th Cir. 1980). Because the Court denied plaintiffs' motion for leave to amend on the basis that the claims against the Doe defendants were prescribed, *Lockett* instructs that the Court's order may be considered final for purposes of Rule 54(b).

The Court next considers whether there is any "hardship or injustice" justifying entry of a Rule 54(b) judgment. *Krutz*, 2021 WL 5893980, at *1. This determination "is in the sound discretion of the district court." *Walker*, 304 F.R.D. at 492. Plaintiffs argue that "[i]nitiating a second appeal would significantly increase costs for all parties and inconvenience the courts."[13]

Considering the factors set out above, the Court concludes that a Rule 54(b) judgment is not warranted. The most relevant factor is "the possibility that the reviewing court might be obliged to consider the same issue a second time." *Jeanty*, 2021 WL 4143924, at *2. Plaintiffs are correct that, in the absence of a Rule 54(b)

---

[13] R. Doc. No. 138-1, at 8.

judgment, the Fifth Circuit may need to review this *case* more than once, but there is no danger of reviewing the same *issue* more than once, as the issues raised by Thomas' pending appeal and the hypothetical appeal of the denial of leave to amend the complaint raise entirely separate legal issues.[14] Additionally, while a separate appeal would no doubt increase the parties' expenses, that is not a sufficient reason to enter judgment pursuant to Rule 54(b). *Treece v. Perrier Condo. Owners Ass'n, Inc.*, 569 F. Supp. 3d 347, 362 (E.D. La. 2021) (Morgan, J.) (noting that continued expense is "present in every case" and does not justify entry of Rule 54(b) judgment).

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for entry of judgment pursuant to Rule 54(b) is **DENIED.**

New Orleans, Louisiana, February 8, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] Plaintiffs' motion does not request entry of a Rule 54(b) judgment as to this Court's order granting defendants' motion for judgment on the pleadings. Plaintiffs do not address the fact that, even if the Court granted the instant motion for entry of a Rule 54(b) judgment as to the denial of leave to amend the complaint, any appeal taken from the grant of judgment on the pleadings would require the Fifth Circuit to consider this case again.