UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE WASHINGTON ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-632** |
| **RANDY SMITH ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by the defendant Alexander Thomas ("defendant") to amend the scheduling order. Defendant explains that the discovery deadline has passed and argues that discovery should be reopened because plaintiff Bruce Washington ("plaintiff") seeks to depose, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a representative of the St. Tammany Parish Sheriff's Office ("STPSO"). Additionally, defendant requests new deadlines for the filing of pretrial motions and the filing of amended lists of witnesses and exhibits for use at trial.[2] Plaintiff opposes the motion[3] and requests oral argument on the motion.[4] For the reasons that follow, the Court grants the motion in part and denies in part.

### I.     BACKGROUND

Plaintiff filed this action on March 10, 2022, alleging constitutional violations arising from a traffic stop.[5] The Court partially granted a motion for judgment on the

---

[1] R. Doc. No. 154.
[2] *Id.* at 2.
[3] R. Doc. No. 155.
[4] R. Doc. No. 156.
[5] R. Doc. No. 29.

pleadings, but denied the motion as to the unlawful search claim against defendant.[6] Defendant subsequently moved for summary judgment on the remaining claim.[7] The Court denied the motion for summary judgment,[8] and defendant appealed.[9] On January 4, 2023, this case was stayed by this Court pending the appeal.[10] The U.S. Fifth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because defendant sought to challenge the genuineness of the factual disputes forming the basis of the denial of summary judgment.[11]

Following the Fifth Circuit's dismissal, the stay in this case was lifted.[12] The Court set a new trial date, pretrial conference date, and deadline for the parties to disclose amended expert reports.[13] No other deadlines were reset. Defendant then filed the present motion to amend the scheduling order to reopen discovery and set new deadlines for filing pretrial motions and amended lists of witnesses and exhibits.[14]

Defendant argues that, because of a previous agreement to allow plaintiff to conduct a deposition after the deadline, he too should be allowed to conduct additional discovery and depositions.[15] Additionally, defendant argues that, in light of the

---

[6] R. Doc. No. 61.
[7] R. Doc. No. 84.
[8] R. Doc. No. 126.
[9] R. Doc. No. 129.
[10] R. Doc. No. 131.
[11] Case No. 23-30006 (R. Doc. No. 54-1).
[12] R. Doc. No. 152.
[13] *Id.*
[14] R. Doc. No. 154.
[15] R. Doc. No. 154-2, at 2.

continued deadline to exchange amended expert reports, the Court should extend the motions *in limine* deadline so the parties may file motions regarding expert testimony and motions "that become appropriate following this brief period of additional discovery."[16]

Plaintiff opposes the motion, arguing that defendant mischaracterizes his deposition request and that "[d]efendant has failed to demonstrate good cause to amend the scheduling order."[17] Plaintiff claims that he has expressed the desire to take the corporate deposition of the STPSO since October 2022 and provided notice of the deposition on November 1, 2022.[18] On November 2, 2022, counsel for defendant informed plaintiff he had decided not to depose plaintiff's expert, and he instead requested that plaintiff's 30(b)(6) deposition be scheduled on that date.[19] On November 16, 2022, plaintiff alleges the parties agreed, at defendant's request, to defer the relevant deposition until after the Court ruled on the defendant's motion for a protective order.[20] The motions deadline passed on December 14, 2022.[21] Since the case was stayed and administratively closed pending the appeal of the denial of summary judgment on January 4, 2023, defendant's motion for a protective order could not be resolved by the Magistrate Judge.[22] Since the stay has been lifted,

---

[16] *Id.* at 3.
[17] R. Doc. No. 155, at 7.
[18] *Id.* at 6.
[19] *Id.* at 3.
[20] *Id.* at 6.
[21] R. Doc. No. 20.
[22] Although the stay has been lifted, defendant has not yet refiled the motion. Accordingly, the motion is not presently pending before the Magistrate Judge.

3

plaintiff has not yet conducted the 30(b)(6) deposition but still seeks to do so. While plaintiff opposes reopening discovery, plaintiff "is willing to agree to an extension of the deadline to submit motions *in limine* related to expert testimony."[23]

Defendant does not dispute the existence of the previously mentioned agreement to defer the deposition.[24] Rather, defendant states that, while "he has no opposition to Plaintiff taking the 30(b)(6) deposition," plaintiff has not argued that defendant "is not within his right to withdraw any prior consent to the 30(b)(6) deposition."[25] Based on that argument, defendant concludes that he should receive "equal opportunity" to conduct additional discovery.[26]

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) states that the deadlines stated in the scheduling order "may be modified only for good cause." Courts are to consider four factors to determine if good cause exists to modify the scheduling order: "(1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice." *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012) (*Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

---

Defendant states he "anticipates filing a motion for a protective order" should plaintiff be allowed to conduct the 30(b)(6) deposition. R. Doc. No 159, at 3.
[23] *Id.* at 10.
[24] R. Doc. No. 159, at 2 (defendant's reply stating that "the parties agreed to defer the 30(b)(6) deposition pending a ruling on Defendant's motion for Protective Order.").
[25] *Id.* at 3.
[26] *Id.*

4

Because the Court allowed the parties to exchange amended expert reports after the discovery and motions deadline, neither party had the opportunity to file motions regarding expert testimony or conduct depositions of the experts after the disclosure of the amended reports. Resultingly, the parties would be prejudiced if an extension of the deadlines related to the amended expert testimony was not permitted. A brief extension of these deadlines is available without delaying the pretrial conference or the trial. Accordingly, the Court will permit the parties to depose the experts on the information set forth in the amended expert reports and file motions related to expert testimony.

There is no dispute that the parties had an agreement to allow plaintiff to conduct the 30(b)(6) deposition of a representative of the STPSO. The parties made this agreement fully aware that the deposition would likely occur after the discovery deadline. Considering the protective order pending at the time, plaintiff has adequately explained his failure to complete discovery on time. Plaintiff has consistently expressed a desire to conduct the deposition since October 2022. As the deposition was deferred at defendant's request, there is no prejudice to defendant by enforcing the agreement. Allowing the deposition will not result in delay of the pretrial conference or trial. Accordingly, there is good cause to amend the scheduling order to allow plaintiff to conduct the 30(b)(6) deposition.

With respect to discovery and motions not related to expert testimony as well as the deadline for filing amended witness and exhibit lists, defendant does not assert good cause exists for modifying the deadlines. Rather, defendant argues that, if

plaintiff may conduct additional discovery, "he [should] also be granted an equal opportunity to conduct additional deposition(s)/discovery." Defendant does not explain why he failed to complete the necessary discovery or file motions on time. Defendant also does not explain why he needs to amend his exhibit and witness lists. Other then vague statements, defendant has not explained the importance of reopening discovery to his defense.

Defendant does assert that allowing plaintiff to take the 30(b)(6) deposition without providing defendant with the opportunity to file motions related to the deposition would be prejudicial.[27] However, defendant voluntarily agreed to this arrangement and accordingly, there is no prejudice to the defendant by allowing the 30(b)(6) deposition to proceed. The deadline for pretrial motions passed before the case was stayed, and defendant does not explain why he failed to file any necessary motions before the deadline. Defendant did file a motion for a protective order with the Magistrate Judge before the case was stayed, and he will not be precluded from filing another motion for a protective order with respect to the deposition. Finally, neither party has sought to continue the pretrial conference or the trial, and the Court does not see a continuance as appropriate considering the Court's docket and the length of time this case has been pending. Accordingly, after considering the previously mentioned factors, the Court finds the defendant has not demonstrated good cause to amend the deadlines unrelated to the expert testimony. Accordingly,

---

[27] *Id.*

**IT IS ORDERED** that the motion to amend the scheduling order is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the deadline for depositions of experts with respect to the information contained in the amended expert reports is reset for **OCTOBER 6, 2023.** The deadline to file motions *in limine* regarding expert testimony is reset for **OCTOBER 13, 2023.**

**IT IS FURTHER ORDERED** that plaintiff shall be allowed to conduct the 30(b)(6) deposition of a representative of the STPSO as agreed upon by the parties. The deadline for conducting the 30(b)(6) deposition is **OCTOBER 13, 2023.** Defendant may file a motion for protective order with respect to the deposition in time to permit timely disposition of the motion by the Magistrate Judge,

**IT IS FURTHER ORDERED** that all other deadlines previously set by the Court remain in effect.

**IT IS FURTHER ORDERED** that plaintiff's request for oral argument is **DENIED**.

New Orleans, Louisiana, September 8, 2023.

                                    **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**