**MINUTE ENTRY**
**LONG, J.**
**APRIL 23, 2025**
**JS10 (0:28)**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE WASHINGTON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-632** |
| **RANDY SMITH, ET AL.** | **SECTION "O"** |

### MINUTE ENTRY AND ORDER

The Court held a final pretrial conference on Wednesday, April 23, 2025.

Elizabeth Raulston and Aviva Kushner participated for Plaintiff Bruce Washington. Andrew Capitelli, Kenneth Whittle, Sarah Constantine, and Paige Stein participated for Defendant Alexander Thomas.

The Court and counsel discussed pretrial deadlines and the jury trial.

Considering that discussion,

**IT IS ORDERED** that:

**(1)** The jury trial will begin at **9:00 a.m. on Monday, May 12, 2025**. Five days are allotted for the jury trial. Counsel must be present in the courtroom at 8:00 a.m. on the first day of trial in the event a conference with the Court is required. Unless the Court decides otherwise, the remaining days of trial shall begin promptly at 9:00 a.m. and end at approximately 5:00 p.m. A one-hour recess will be allowed for lunch, as well as a 15-minute recess at mid-morning and mid-afternoon.

**(2)** Once trial starts, attorneys who have problems that must be resolved before the start of a trial day must give adequate notice to the law clerk or courtroom deputy and arrange for a conference with the Court at least 30 minutes before the starting time of trial. Issues arising during trial will be addressed at a break in the trial.

**(3)** Trial will not be delayed for the arrival of witnesses. Therefore, counsel must have an adequate number of witnesses available to meet the trial schedule.

**(4)** The night before each day of trial, counsel must notify opposing counsel of all witnesses who will be called to testify on the following day and the order in which they will be called, unless counsel shows good cause not to do so.

**(5)** Counsel must stand when they address the Court, make objections, or examine witnesses. When making an objection, counsel must state the relevant rule and the basis for the objection. Counsel shall not argue objections or other disputed issues in front of the jury.

**(6)** The jury will be composed of eight jurors. Each side is allowed three peremptory challenges. The parties will alternate the exercise of their challenges.

**(7)** Each side will be allowed 20 minutes for opening statements.

**(8)** A telephone status conference will be held at **3:00 p.m. on Friday, May 9, 2025**. The Court will email counsel the instructions necessary to participate.

**(9)** By **noon on Friday, May 9, 2025**, the parties must exchange all demonstrative exhibits that they intend to use at trial, including any PowerPoint or other slideshow presentation any party wishes to use during opening statements. If

there is opposition to the use of any demonstrative exhibit, counsel must submit the dispute to the Court as soon as possible.

**(10)** If the parties have not already done so, by **Wednesday, May 7, 2025**, the parties must contact the Court's Case Manager, Jeffrey Scalco, at (504) 589-7671, to discuss any courtroom technology needed for trial.

**(11)** By **noon on Friday, May 9, 2025**, each party shall deliver to chambers **(A)** a thumb drive containing the party's exhibits and **(B)** an exhibit list identifying the exhibits. Each exhibit must be numbered, and that number must be identified in the electronic file name. The electronic file names and numbers of the exhibits on the thumb drives must match the exhibit names and numbers on the exhibit list.

**(12)** By **noon on Friday, May 9, 2025**, the parties shall jointly file **one memorandum** identifying any exhibits to which the parties cannot agree as to admissibility after meaningful conferral and a good-faith effort to agree as to the authenticity and relevancy of each contested exhibit. The proponent of each contested exhibit must explain why the exhibit is admissible, and the opponent must explain why the exhibit is inadmissible. The parties must provide specific reasons, beyond mere citation to the Federal Rules of Evidence, in support of their position(s) as to each exhibit. Each contested exhibit must also be attached to the joint memorandum.

**(13)** By **noon on Wednesday, May 7, 2025**, the parties shall jointly file proposed jury instructions. Counsel must meaningfully confer, in good faith, and attempt to agree on the joint proposed jury instructions. If the parties cannot agree on joint proposed jury instructions after meaningful conferral, the parties shall jointly

file **one document** titled "Proposed Jury Instructions" that separately **(A)** lists those instructions agreed upon by the parties; **(B)** lists those instructions to which there is an objection, identifying the proponent of the instruction and the nature of the objection with specific reasons and citations to authority. Any proposed jury instructions must include citations to each authority the proposing party contends supports each legal proposition contained in the proposed jury instruction.

**(14)** By **noon on Wednesday, May 7, 2025**, the parties shall file a joint proposed jury verdict form. Counsel must meaningfully confer, in good faith, and attempt to agree on the joint proposed jury verdict form. If the parties cannot agree to a joint proposed jury verdict form after meaningful conferral, each party must file a document titled "Proposed Jury Verdict Form" that **(A)** includes the party's proposed jury verdict form; and **(B)** describes the nature of any objection to the other party's proposed jury verdict form, with specific reasons and citations to authority.

**(15)** By **noon on Wednesday, May 7, 2025**, each party shall file a three-to-five sentence statement of the case. The statement of the case should be a brief synopsis of the party's theory of the case. The Court intends to incorporate each party's statement of the case into its *voir dire*.

**(16)** By **noon on Wednesday, May 7, 2025**, each party shall file case-specific proposed *voir dire* questions for the Court's consideration.

**(17)** All deadlines[1] and pretrial requirements[2] not specifically modified by this order remain in effect.

If needed during trial, counsel may use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 of the Hale Boggs Federal Building. The space features private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details on these services can be found at http://nofaba.org or by contacting 504-589-7799 or fbaneworleans@gmail.com.

New Orleans, Louisiana, this 23rd day of April, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[1] *See* ECF No. 199 (operative scheduling order); ECF No. 205 (order extending non-expert motion *in limine* deadlines and setting deadlines for deposition designations and objections thereto).

[2] ECF No. 199-1 (pretrial notice)